```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHNNY CALDWELL,

                Plaintiff,
                                        MEMORANDUM & ORDER
       -against-                        14-CV-5385(JS)(ARL)

EDWARD WEB[B]ER, Suffolk County
Police Commissioner; Police
Officer JOSEPH PETERSON, Shield
#6025; SGT. GINA REILLY,
Shield #1128; Police Detective
KEVIN P. CARAHER, Shield #1380,
in their Official and Individual
Capacity; and the County of
Suffolk,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Johnny Caldwell, pro se
                    514 E. Sultana Drive
                    Fitzgerald, GA 31750

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On September 8, 2014, then-incarcerated pro se plaintiff Johnny Caldwell ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Police Commissioner Edward Webber ("Commissioner Webber"), Suffolk County Police Officer Joseph Peterson, Shield No. 6025 ("P.O. Peterson"), Suffolk County Police Sergeant Gina Reilly, Shield No. 1128 ("Sgt. Reilly"), and Suffolk County Police Detective Kevin P. Caraher, Shield No. 1380 ("Det. Caraher"), and the County of Suffolk ("County" and collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's claims against Commissioner Webber and Sgt. Reilly are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to state a claim for relief. Plaintiff's claims against the County of Suffolk are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to state a claim for relief. Plaintiff is GRANTED leave to file an Amended Complaint as set forth herein. Plaintiff's claims against P.O. Peterson and Det. Caraher shall proceed and the Court ORDERS service of the Summonses and Complaint and a copy of this Order upon these Defendants by the U.S. Marshal Service ("USMS").

BACKGROUND[1]

Plaintiff's sparse handwritten Complaint, submitted on a Section 1983 complaint form, alleges, in its entirety:

> On and about April 9th 2013 the Plaintiff was charged and arrested by several Suffolk County police officers and charged with felony charges that were false and he was wrongfully arrested, which violated his Constitutional

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

2

> civil rights and caused the plaintiff duress and hardship. These police officers did at all times acting under color of state law did apprehend the plaintiff and charge the plaintiff with robbery and assault therein the taking of a "POLICE TASER GUN" in which never happened. This was a fabricated statement to arrest and detain the plaintiff and to lose life and liberty at the hands of the Suffolk County Police Department which led to the several violations of the plaintiff's civil rights.[2]

(Compl. at 4-5.) Based on the foregoing, Plaintiff alleges four causes of action. The First Cause of Action, in its entirety, alleges that:

> The plaintiff seeks and demands compensatory damage relief from the defendants (Police Dept. for Suffolk County) for the violation of his Constitutional Civil Rights under the 14th Amendment for the depriving Plaintiff his due process rights, false statements, written statements that denied him of Life, Liberty and property without due process of the Law. The plaintiff demand 1 million dollars.

(Compl. at 6.) The Second Cause of Action, in its entirety, alleges that:

> The plaintiff seeks monetary damage relief from the defendant (Joseph Peterson - P.O.) for the use of excessive force against the plaintiff which violated the 8th Amendment of the Constitution and plaintiff 4th Amendment of the Constitution to be free of cruel and unusual punishment and to be secure in his person, have papers and effects.
> The defendant violated two civil rights of the plaintiff in a serious manner while purporting

---

[2] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> to act under color of state law while in his official capacity as a Law dnforcement agent. The plaintiff seeks Two million dollars.

(Compl. at 7.) Plaintiff's Third Cause of Action alleges that:

> The plaintiff demands punitive damage relief from the defendant Sgt. Gina Reilly for violating the plaintiff Civil Constitutional Rights to deprive him of life, liberty and due process of the law, and cruel and unusual punishment acting as a supervisor who is responsible for her insurbond and allowing a false arrest/charge(s) to take place under her supervision under the 4th Amendment of the Constitution, 8th Amendment of the Constitution and 14 Amendment of the Constitution of the United States of America. The plaintiff seeks Three Million Dollars.

(Compl. at 8.) Finally, Plaintiff's Fourth Cause of Action provides:

> The plaintiff seeks, demands montory relief damages from the defendant Det. Caraher for the violation of his eighth amendment constitutional right to be free from cruel and unusual punishment, to have given and oral, written false accusation and statement against the plaintiff to cause him duress and hardship and the liberty of life as well as his Fourth Amendment Right to be free in his person, papers and effects.
> The defendant lied under oath as a law enforcement agent and as a flesh & blood person, that has Authority to deny and cause hardship to the plaintiff with malicious motives. The plaintiff seeks 1 million dollars.
> In total the plaintiff seeks and demand 7 million dollars and all other relief the Court deems Just proper and equitable.

(Compl. at 9-10.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The

5

plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the

personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010) ("[Plaintiff's] claims against [Defendant] failed as a matter of law because [Plaintiff] failed to allege sufficient personal involvement on [Defendant's] part to make him liable under § 1983."). See, e.g., Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998). With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

A. Claims Against Commissioner Webber and Sgt. Reilly

As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 6; Rivera, 655 F. Supp. 2d

7

at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)) aff'd, 368 F. App'x 161 (2d Cir. 2010)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Commissioner Webber or Sgt. Reilly regarding the events alleged in the Complaint and it appears that Plaintiff seeks to impose liability against these Defendants based solely on the supervisory positions they hold. Indeed, apart from the caption, Commissioner Webber is not included in the Complaint nor is there any suggestion that Commissioner Webber was personally involved in any of the events described in the Complaint. With regard to Plaintiff's allegations against Sgt. Reilly, Plaintiff claims that Sgt. Reilly violated his rights while "acting as a supervisor who is responsible for her insu[b]o[r]d[inates]. . . ." (Compl. at 8.) Wholly absent, however, are any allegations sufficient to establish any personal involvement by Sgt. Reilly in the unlawful conduct of which Plaintiff complains. Accordingly, Plaintiff's claims against

8

Commissioner Webber and Sgt. Reilly are not plausible and are DISMISSED WITH PREJUDICE.

B. <u>Claims Against the County of Suffolk</u>

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a <u>respondeat superior</u> theory. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of N.Y.C.</u>, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." <u>Cash v. Cnty. of Erie</u>, 654 F.3d 324, 333 (2d Cir. 2011) (quoting <u>Connick v. Thompson</u>, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); <u>see</u> <u>also</u> <u>Monell</u>, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-691. To plead an official policy or custom, a complaint must allege the existence of, <u>inter</u> <u>alia</u>, "(1) a formal policy which is officially endorsed by the municipality;" or "(2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights." <u>Moray v. City of Yonkers</u>, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citing <u>Monell</u>, 436

9

U.S. at 690, 98 S. Ct. at 2035-36; Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 1299-1300, 89 L. Ed. 2d 452 (1986)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff has failed to state a plausible claim for relief and dismissal is appropriate pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, Plaintiff is GRANTED leave to amend his claims against Suffolk County in accordance with this Order.

C. Claims Against P.O. Peterson and Det. Caraher

Though thin, the Court declines to sua sponte dismiss Plaintiff's claims against P.O. Peterson and Det. Caraher at this early stage in the proceedings. Accordingly, the Court ORDERS service of the Summonses and Complaint upon P.O. Peterson and Det. Caraher by the United States Marshal Service forthwith.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however, the claims against Commissioner Webber and Sgt. Reilly are sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b)(1). Plaintiff's claims against the County of Suffolk are DISMISSED WITHOUT

PREJUDICE and Plaintiff is GRANTED leave to file an Amended Complaint no later than March 2, 2015. Any Amended Complaint must be captioned as an "Amended Complaint" and must bear the same docket number as this Memorandum and Order, 14-CV-5385(JS)(ARL). Plaintiff's Amended Complaint will completely replace his original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue against any Defendant should be included in his Amended Complaint. If Plaintiff fails to amend his Complaint within the time allotted and/or the Amended Complaint fails to correct the deficiency in his claims against Suffolk County, the Court shall dismiss Plaintiff's claims against Suffolk County with prejudice.

Plaintiff's claims against P.O. Peterson and Det. Caraher shall proceed and the Court ORDERS service of the Summonses and Complaint and a copy of this Order upon these Defendants by the U.S. Marshal Service.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __30__, 2015
       Central Islip, New York